1  DAVID SEROR - Bar No. 67488
   COREY R. WEBER - Bar No. 205912
2  REAGAN E. BOYCE - Bar No. 248064
   BRUTZKUS GUBNER
3  21650 Oxnard Street, Suite 500
   Woodland Hills, CA 91367
4  Telephone:  (818) 827-9000
   Facsimile:   (818) 827-9099
5  Email:       dseror@bg.law
                cweber@bg.law
6                rboyce@bg.law

7  Special Litigation Counsel for Howard M. Ehrenberg, Chapter 7 Trustee

8                **UNITED STATES BANKRUPTCY COURT**

9                  **CENTRAL DISTRICT OF CALIFORNIA**

10                    **LOS ANGELES DIVISION**

11 In re                              Case No. 2:16-bk-15635-BR

12 ANA VIRGINIA PETTUS,               Chapter 7

13          Debtor.                   Adv. No. _____

14 _____

15 HOWARD M. EHRENBERG, solely in his   **COMPLAINT FOR:**
   capacity as Chapter 7 Trustee for the bankruptcy   **1) REVOCATION OF DISCHARGE;**
16 estate of Ana Virginia Pettus,       **2) AVOIDANCE AND RECOVERY OF**
                                        **POST PETITION TRANSFERS; AND**
17          Plaintiff,                  **3) TURNOVER OF ESTATE PROPERTY**

18 v.

19 ANA VIRGINIA PETTUS, an individual; and
   PW Pettus a minor child,

20          Defendants.

21

22        Plaintiff, Howard Ehrenberg, the duly appointed and acting Chapter 7 Trustee ("Trustee" or

23 "Plaintiff") for the bankruptcy estate ("Estate") of debtor, Ana Virginia Pettus ("Debtor" or

24 "A.Pettus"), herein complains ("Complaint") of defendant and debtor, Ana Virginia Pettus, and her

25 minor son, defendant PW Pettus ("PW") and alleges as follows:

26        **STATEMENT OF RELIEF SOUGHT:**

27        Plaintiff seeks a revocation of Debtor's discharge pursuant to 11 U.S.C. §§ 727(d)(1) and

28 (d)(2). Plaintiff seeks an order for Debtor to turnover property of the Estate pursuant to 11 U.S.C. §

542. Plaintiff also seeks to avoid and recover post-petition transfers of Estate property from Debtor to her minor son, PW Pettus, pursuant to 11 U.S.C. §§ 549, 550.

**JURISDICTION AND VENUE:**

1.      On April 28, 2016, (the "Petition Date"), the Debtor, Ana Pettus filed her voluntary petition under Chapter 7 of Title 11 of the United States Code ("Bankruptcy Code") commencing the bankruptcy case styled *In re Ana Virginia Pettus,* case number 2:16-bk-15635-BR (the "Case"). Shortly thereafter, Howard M. Ehrenberg was appointed the Chapter 7 Trustee, in which capacity he continues to serve.

2.      This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334. The Court further has jurisdiction pursuant to General Order No. 13-5 of the United States District Court, for the Central District of California.

3.      In accordance with Local Bankruptcy Rule 7008-1, Plaintiff asserts that the claims for relief in this Complaint constitute core claims pursuant to 28 U.S.C. §§ 157(a) and 157(b) (2) (A), (E), (H), (J), and (O). The Trustee consents to the entry of final orders and judgment by the Bankruptcy Court in this adversary proceeding.

4.      Venue properly lies in this judicial district pursuant to 28 U.S.C. §§ 1408 and 1409 as this adversary proceeding is related to or otherwise arises from the Debtor's Case under Title 11 of the Bankruptcy Code, and which Case is still pending.

5.      Trustee has standing to bring this adversary proceeding pursuant to 11 U.S.C. § 323, as he is the duly appointed and acting Chapter 7 Trustee for the Debtor's bankruptcy estate.

**THE PARTIES:**

6.      Plaintiff is the duly appointed and acting Chapter 7 Trustee for the bankruptcy estate of Debtor.

7.      Debtor is an individual who filed a voluntary petition under Chapter 7 of Title 11 of the Bankruptcy Code on April 28, 2016, commencing the above-referenced bankruptcy Case which is still pending before this Court. At all times relevant herein A.Pettus resided in the State of California and within the jurisdiction of this Court.

8.      PW Pettus ("PW") is a minor child, and the son of Debtor. Plaintiff is further

2

1    informed and believes and based thereon alleges that at all times relevant herein PW either resided

2    with Debtor or was within the custody and control of his mother, the Debtor.

3    9.    Sherrill Pettus ("Sherrill") is an individual who Plaintiff is informed and believes and

4    based thereon alleges currently resides in Graham, Texas. Plaintiff is further informed and believes

5    and based thereon alleges that Debtor and Sherrill were married from 2005 until November 2010.

6    Plaintiff is further informed and believes and based thereon alleges that Sherrill is the father of PW

7    and shares joint custody and control of PW with Debtor.

8    **DEBTOR CONCEALS AND FAILS TO DISCLOSE PROPERTY OF THE ESTATE**

9    10.    Following Debtor's initial appearance for the Section 341(a) Meeting of Creditors on

10   June 2, 2016, Debtor amended her schedule "I" per the Trustee's request, which Schedule "I" was

11   filed on or about June 15, 2016. No further amendments to the petition and schedules were made or

12   filed.

13   11.    On November 7, 2016, the Bankruptcy Court entered an order for discharge of the

14   Debtor [Docket No. 39].

15   12.    Following the order for discharge, the Trustee's administration and investigation of

16   Estate property required additional information from the Debtor, and Trustee retained counsel to

17   conduct a Rule 2004 examination of Debtor.

18   13.    Plaintiff is informed and believes and based thereon alleges that as of the Petition

19   Date, Debtor owned jewelry, clothing, art, antiques, furniture and collectibles (collectively, the

20   "Undisclosed Personal Property") worth hundreds of thousands of dollars, well in excess of $14,000,

21   the total amount set forth in Debtor's petition and schedules, including any amendments thereto, for

22   all personal property owned by Debtor as of the Petition Date. The Debtor listed $14,000 in personal

23   property as follows: books and general household goods $3,500.00 + Furniture $3,000.00 + TV,

24   computer, cell phone $1,000.00 + Personal Clothing $3,500.00 + Jewelry $3,000.00 = $14,000.00.

25   14.    Plaintiff is informed and believes and based thereon alleges that Debtor failed to

26   identify the Undisclosed Personal Property in her petition and schedules, including any amendments

27   thereto.

28   15.    Plaintiff is informed and believes and based thereon alleges that the Undisclosed

3

2028888

Personal Property is property of the bankruptcy Estate.

16.    On July 28, 2017, the Court entered an order [Docket No. 50] approving the employment of Trustee's special litigation counsel and on December 12, 2017, a second order [Docket No. 58] approving a supplemental scope of work for special litigation counsel was entered by the Court.

## THE DEBTOR DOES NOT RESPOND TO DEMANDS FROM THE TRUSTEE, AND DISOBEYS COURT ORDER TO APPEAR FOR RULE 2004 EXAM

17.    On October 17, 2017, Trustee's counsel sent via overnight delivery a demand letter to Debtor that she appear for oral examination pursuant to Rule 2004, and produce documents to the Trustee. No response was received from Debtor.

18.    Trustee made demand on counsel for Debtor to request more information and documents regarding Debtor's property and assets. There was no response as to an examination date, and no documents were produced. After counsel for the Debtor notified Trustee's counsel that he no longer represented the Debtor, Trustee's counsel attempted to contact Debtor by both email and phone at the number and email address she had previously provided to the Trustee. The email was returned undeliverable notifying senders that the email account had been deactivated, and a recording for the phone number stated the number was no longer in service.

19.    On November 6, 2017, a second demand letter was sent via overnight delivery to Debtor at her address of record, again requesting her appearance for oral examination and production of records.

20.    On November 30, 2017, having received no response to the two demand letters, Trustee filed a formal motion [Docket No. 57] with the Bankruptcy Court seeking an order requiring Debtor to appear for a Rule 2004 examination and to produce documents.

21.    On December 12, 2017, the first of the demand letters sent to Debtor was returned as undeliverable, noting that Debtor was no longer at her address of record, and forwarding service was no longer available. Later inquiries with the Post Office determined that a forwarding address was on record and future communications from the Trustee were sent to the forwarding address.

22.    On January 1, 2018, there being no opposition or other response filed by Debtor, the

Court entered an order [Docket No. 63] requiring Debtor to appear for a Rule 2004 examination and to produce documents. A copy of the order was sent by overnight delivery to Debtor's new address.

23.    On January 8, 2018, Debtor failed to appear as ordered for the Rule 2004 examination, and otherwise failed to contact the Trustee or his counsel.

24.    On February 26, 2018, Trustee filed his *Motion for Order to Show Cause Why Debtor Should Not be Ordered to Comply with the Court's Prior Order Requiring Debtor to Appear for a Rule 2004 Examination, and Why Debtor Should Not be Found in Contempt of Court* [Docket No. 66]. A hearing was set, and notice provided to Debtor at her known address.

25.    On March 29, 2018, following a hearing on the Trustee's *Motion for Order to Show Cause,* the Court entered an Order [Docket No. 71] directing Debtor to appear before the Court on May 29, 2018. Again, notice was sent to Debtor's new address. Debtor again failed to appear as ordered.

26.    On May 31, 2018, the Court entered an order for civil contempt and a writ for body attachment, directing the U.S. Marshall Service to take into custody the Debtor and to bring her before the Bankruptcy Court.

27.    Having been located by the U.S. Marshall Service on or about June 20, 2018, Debtor appeared before the Court where she was ordered to submit to a Rule 2004 examination by the Trustee's counsel and to provide her current address, mailing address, phone number and email address. Debtor appeared with her prior counsel.

28.    In mid-2018, Debtor finally submitted to oral examination over the course of three days after being located by the U.S. Marshalls Service – June 20, 2018, August 16, 2018 and September 10, 2018. The latter two dates were originally scheduled for an earlier time period, but were then re-scheduled at the Debtor's request purportedly due to her minor son's school schedule and her availability. The final transcript was prepared on or about September 24, 2018.

29.    Plaintiff is informed and believes and based thereon alleges that Debtor disengaged from her counsel between the second and third dates of the Rule 2004 examination, and remains unrepresented to this date.

/ / /

2028888

**TOLLING BASED ON THE DEBTOR'S CONCEALMENT AND FAILURE TO COOPERATE WITH THE TRUSTEE, OR ATTEND HER RULE 2004 EXAM**

30.   The deadline for the Trustee to file claims or seek revocation of the Debtor's discharge has been equitably tolled since Debtor (a) moved from her address of record, disconnected her phone number of record, and closed her email account of record, all without informing Trustee or the Court of her whereabouts or providing new contact information; (b) failed to appear for her Rule 2004 examination and produce documents as ordered by the Court; (c) failed to appear for the hearing on the Court's Order to Show Cause why Debtor Should Not Be Held in Contempt; (d) was only located by the U.S. Marshals Service after a Body Attachment Order was entered by the Bankruptcy Court; (e) was compelled to appear for oral examination pursuant to Rule 2004 commencing in June 2018 and concluding in mid-September 2018; (f) produced the documents requested by the Trustee pursuant to Rule 2004 only beginning in mid-June 2018 and continuing through September 2018; (g) following the Rule 2004 examination of Debtor, based on information obtained during the examination, the Trustee contacted various third parties who Debtor identified as having possession, custody and/or control of the Undisclosed Personal Property and books and records relating to the Debtor; and (h) the Trustee thereafter received certain books and records relating to the Debtor and the Undisclosed Personal Property in the possession, custody and/or control of third parties identified by Debtor.

31.   Plaintiff is informed and believes and based thereon alleges that Debtor has not been employed in any capacity since 2005, and has not had income based on employment since that point.

32.   Plaintiff is informed and believes and based thereon alleges that Debtor has lived off the sale proceeds from Debtor's personal property and assets since November 22, 2010, and from the sale of the Undisclosed Personal Property post-Petition Date.

33.   The information regarding the transfers and acts set forth herein was not known to the Trustee or disclosed by the Debtor until the Rule 2004 examination and production of documents took place in mid-2018, as set forth above.

34.   Plaintiff is informed and believes and based thereon alleges that Debtor and Sherrill were divorced by final decree entered on November 22, 2010, in the 301st Judicial District of Dallas

2028888

County, Texas, but Debtor and Sherrill continue to share joint custody of PW.

**THE DIAMOND EARRINGS**

35.     Plaintiff is informed and believes and based thereon alleges that in the one year period prior to her Petition Date Debtor purports to have given a pair of diamond earrings having a value of at least $50,000.00 (the "Earrings") as a gift to her minor son, PW.

36.     Plaintiff is informed and believes and based thereon alleges that Debtor kept physical possession and control over the Earrings even after she purports to have given the Earrings to her minor son, PW.

37.     Plaintiff is informed and believes and based thereon alleges that at some point in time post-Petition Date that Debtor sold the Earrings to a friend for at least $50,000.00 and proceeded to spend the proceeds.

38.     The Earrings were not disclosed on the Debtor's petition and schedules, or any amendment thereto.

39.     The sale of the Earrings was not disclosed to the Trustee until the Rule 2004 examination in June 2018.

40.     At no point in time did Debtor offer to turn over or turn over the Earrings to the Trustee.

41.     At no point in time did Debtor offer to turn over or turn over the $50,000.00 or more that the Debtor received from the post-Petition Date sale of the Earrings to the Trustee.

**THE BRAZILIAN APARTMENT**

42.     Plaintiff is informed and believes and based thereon alleges that on or about September 20, 2011, Debtor sold an apartment she owned in Brazil, and purchased a new apartment (the "Brazilian Apartment") with some of the sale proceeds.

43.     Plaintiff is informed and believes and based thereon alleges that on or about April 11, 2016, Debtor recorded the deed of title to the Brazilian Apartment in her own name alone.

44.     However, according to the Debtor's petition and schedules, including any amendments thereto, the Brazilian Apartment was "owned" by and legal title was recorded in the name of Debtor's minor son, PW.

2028888

45. During the course of her Rule 2004 examination, Debtor testified that she purchased the Brazilian Apartment and gave it as a gift to her minor son at the time of purchase.

46. The chain of title report Trustee obtained from the Real Estate Registry Office of the 4th Zone, Miranda Bezerra's Office, Municipality of Fortaleza-Ceara, reflects that title to the Brazilian Apartment was recorded in the name of Debtor as of April 11, 2016, not that of Debtor's minor son.

47. Plaintiff is informed and believes and based thereon alleges that on or about August 7, 2018, after her first session of the Rule 2004 examination had been completed, Debtor travelled to Brazil and without notice to or approval by the Trustee or the Court, effectuated the transfer (the "Brazilian Apartment Transfer") of title to the Brazilian Apartment into her minor son's name.

48. Plaintiff is informed and believes and based thereon alleges that Debtor's mother has lived in the Brazilian Apartment rent free since the date of purchase and neither the Trustee nor the Estate have received any amounts in payment for rent post-Petition Date.

49. Plaintiff is informed and believes and based thereon alleges that Debtor has maintained custody, control, and possession of the Brazilian Apartment since the date of purchase, and has made all decisions regarding the Brazilian Apartment, including, but not limited to, the decision to allow Debtor's mother to reside in the Brazilian Apartment rent-free.

50. Plaintiff is informed and believes and based thereon alleges that the Brazilian Apartment has a value of approximately $250,000.00 U.S. Dollars and does not appear to have any liens or encumbrances on it.

## THE CONCEALMENT OF UNDISCLOSED PERSONAL PROPERTY SOLD POST-PETITION DATE

51. Plaintiff is informed and believes and based thereon alleges that after the Petition Date, Debtor has sold Undisclosed Personal Property of the Estate that was not listed or otherwise identified on the petition and schedules, including any amendments thereto.

52. Plaintiff is informed and believes and based thereon alleges that Debtor has received $285,895.12 for the post-Petition Date sale of the Undisclosed Personal Property. The funds received post-Petition were for Undisclosed Personal Property provided by the Debtor to various consignment

companies and other companies either pre- or post-Petition Date, but sold post-Petition Date.

53.    None of the funds from the post-Petition Date sales of Undisclosed Personal Property were turned over to the Trustee, nor was Trustee informed of these funds until the Rule 2004 examination during August and September 2018.

54.    Plaintiff is informed and believes and based thereon alleges that at least $131,513.04 of the funds received by the Debtor for the post-Petition Date sale of Undisclosed Personal Property came from several consignment shops and jewelry stores, including but not limited to, Julien Entertainment a/k/a Julien Auctions, Decades Two, Vintage Martini, Society Stylists now doing business as Valerie Elizabeth, LLC f/k/a Bungalow 41, LLC, and Kazanjian & Fogarty (collectively, the "Consignment Companies").

55.    Plaintiff is informed and believes and based thereon alleges that additional Undisclosed Personal Property of the Estate which was not listed or otherwise identified on the petition and schedules, including any amendments thereto, is currently being held at various consignment companies, including Vintage Martini and Decades Two with a listing sale price totaling at least $41,672.00, and that one or more of these Consignment Companies are holding cash from the sales of Undisclosed Personal Property totaling $5,171.71. Plaintiff is further informed and believes and based thereon alleges that other of the Consignment Companies may still be in possession of Undisclosed Personal Property or sales proceeds derived therefrom.

**THE PRE-PETITION PERSONAL PROPERTY PROVIDED TO CONSIGNMENT COMPANIES**

56.    Plaintiff is informed and believes and based thereon alleges that in the two year period pre-Petition Date, Debtor provided personal property to the Consignment Companies, but did not disclose the property on her petition and schedules, or any amendments thereto.

57.    Plaintiff is informed and believes and based thereon alleges that Debtor received funds for these pre-Petition Date sales of Undisclosed Personal Property totaling at least $233,186.27 in the year preceding the Petition Date.

58.    Plaintiff is informed and believes and based thereon alleges that additional Undisclosed Personal Property was provided to the Consignment Companies pre-Petition Date and

2028888

that the property provided by Debtor remains in the possession of the Consignment Companies.

59.    Plaintiff is further informed and believes and based thereon alleges that the personal property provided by Debtor to the Consignment Companies pre-Petition Date and still in the possession of the Consignment Companies is property of the Estate.

60.    Plaintiff is further informed and believes and based thereon alleges that the Consignment Companies, such as Julian and Society may still be paying Debtor the sale proceeds for personal property provided pre-Petition Date to the Consignment Companies as additional items continue to be sold.

## THE DESTRUCTION OF FINANCIAL RECORDS RELATED TO THE DEBTOR AND CONCEALED PERSONAL PROPERTY

61.    Plaintiff is informed and believes and based thereon alleges that one of the Consignment Companies, Decades Two, received various items of Undisclosed Personal Property from Debtor both pre- and post-Petition date. Further, Plaintiff is informed and believes and based thereon alleges that Decades Two has filed a complaint against a former owner who is alleged by Decades Two to have destroyed, wiped clean, or otherwise deleted the transaction records of Decades Two relating to the Debtor.

62.    Based on the foregoing, additional undisclosed transfers of Estate property may exist.

63.    Plaintiff is informed and believes and based thereon alleges that Decades Two has alleged in its complaint that this former owner, Christos Garkinos, also embezzled money from Decades Two, including money that was received from the sale of Undisclosed Personal Property of the Estate, and other personal property provided by Debtor pre-Petition Date, but sold post-Petition Date, or payment of the funds from the sale of personal property were paid to Debtor post-Petition Date.

## THE "LOST" STATUE

64.    Plaintiff is informed and believes and based thereon alleges that Debtor owned a Richard Hudson statue of Marilyn Monroe valued at $115,000.00 which Debtor claims to have "lost" somewhere between her original move from Dallas, Texas to Los Angeles, California.

65.    Plaintiff is informed and believes and based thereon alleges that Debtor did not file a

2028888

claim with her insurance company, nor report the statue missing to police, and has asserted that she is not aware of the statues whereabouts.

## FIRST CLAIM FOR RELIEF

### Revocation Of Discharge – 11 U.S.C. § 727(d)(1)

### [As against debtor, Ana Virginia Pettus only]

66.    Plaintiff incorporates by this reference paragraphs 1 through 65 inclusive, set forth above, as though set forth in full herein.

67.    The time period for Plaintiff to file a claim for revocation of discharge as set forth under 11 U.S.C. § 727(e) has been equitably tolled on the grounds set forth above in paragraph 30, *supra*.

68.    Plaintiff is informed and believes and based thereon alleges that Debtor fraudulently failed to disclose on her petition and schedules, including any amendments thereto, the Undisclosed Personal Property that remained in the possession, custody and/or control of the Debtor as of the Petition Date, including the Earrings.

69.    Plaintiff is informed and believes and based thereon alleges that Debtor fraudulently failed to disclose on her petition and schedules, including any amendments thereto, the Undisclosed Personal Property that remained in the possession, custody and/or control of the Consignment Companies to whom Debtor provided the Undisclosed Personal Property post- Petition Date, and failed to disclosed personal property provided by Debtor to the Consignment Companies pre-Petition Date and which property remained in the possession of the Consignment Companies.

70.    Plaintiff is informed and believes and based thereon alleges that Debtor fraudulently failed to turn over to Trustee the sale proceeds received from the sale of the Earrings which occurred post-Petition Date and which sale proceeds Debtor received post-Petition Date.

71.    Plaintiff is informed and believes and based thereon alleges that Debtor fraudulently failed to turn over to Trustee the sale proceeds she received post-Petition Date from the personal property provided to the Consignment Companies pre-Petition Date.

72.    Plaintiff is informed and believes and based thereon alleges that Debtor fraudulently failed to turn over to Trustee the sale proceeds received from the sale of the Undisclosed Personal

2028888

Property provided to the Consignment Companies post-Petition Date.

73. The discharge granted to Debtor was obtained through the Debtor's fraudulent acts in concealing from the Trustee, the Estate and its creditors, and from the Court, the Undisclosed Personal Property, the sales proceeds paid to the Debtor from the sale of the Undisclosed Personal Property, the personal property provided to the Consignment Companies pre-Petition Date and which property remained in the Consignment Companies' possession post-Petition Date, and the sales proceeds from personal property provided by the Debtor to the Consignment Companies pre-Petition Date but which was not paid to Debtor until post-Petition Date.

74. The discharge granted to Debtor was obtained through the Debtor's fraudulent acts in concealing from the Trustee, the Estate and its creditors, and from the Court the Earrings and the sales proceeds from the post-Petition Date sale of the Earrings.

75. The Trustee did not know of the Debtor's fraud set forth herein until after the Debtor received her discharge.

76. Debtor's discharge was fraudulently obtained and should therefore be revoked pursuant to 11 U.S.C. §727(d)(1).

## SECOND CLAIM FOR RELIEF

### Revocation Of Discharge – 11 U.S.C. § 727(d)(2)

### [As against debtor, Ana Virginia Pettus only]

77. Plaintiff incorporates by this reference paragraphs 1 through 65 inclusive, set forth above, as though set forth in full herein.

78. Plaintiff is informed and believes and based thereon alleges that Debtor failed to disclose to the Trustee or the Court that some of the personal property provided by Debtor to the Consignment Companies pre-Petition Date remained in the possession, custody, and/or control of the Consignment Companies post-Petition Date.

79. From the Petition Date, up to and including the time of the Debtor's discharge on November 7, 2016, Debtor knowingly and fraudulently failed to report to the Trustee or the Court that some of the personal property provided by Debtor to the Consignment Companies pre-Petition Date remained in the possession, custody, and/or control of the Consignment Companies post-

2028888

Petition Date.

80.     Plaintiff is informed and believes and based thereon alleges that Debtor failed to disclose to the Trustee or the Court that some of the personal property provided by Debtor to the Consignment Companies pre-Petition Date was returned to Debtor post-Petition Date.

81.     From the Petition Date, up to and including the time of the Debtor's discharge on November 7, 2016, Debtor knowingly and fraudulently failed to report to the Trustee or the Court her acquisition or reacquisition of Estate property from the Consignment Companies and failed to surrender or deliver such Estate property or the sale proceeds therefrom to the Trustee or the Estate.

82.     Plaintiff is informed and believes and based thereon alleges that Debtor failed to disclose to the Trustee or the Court that the Debtor had provided Undisclosed Personal Property post-Petition Date to the Consignment Companies.

83.     From the Petition Date, up to and including the time of the Debtor's discharge on November 7, 2016, Debtor knowingly and fraudulently failed to report to the Trustee or the Court that the Debtor had provided Undisclosed Personal Property post-Petition Date to the Consignment Companies.

84.     Plaintiff is informed and believes and based thereon alleges that Debtor failed to disclose to the Trustee or the Court that some of the sales proceeds derived from the Undisclosed Personal Property provided by Debtor post-Petition Date to the Consignment Companies were paid to Debtor by the Consignment Companies post-Petition Date.

85.     From the Petition Date, up to and including the time of the Debtor's discharge on November 7, 2016, Debtor knowingly and fraudulently failed to report to the Trustee or the Court that some of the sales proceeds derived from the Undisclosed Personal Property provided by Debtor post-Petition Date to the Consignment Companies were paid to Debtor by the Consignment Companies post-Petition Date.

86.     Plaintiff is informed and believes and based thereon alleges that Debtor failed to disclose to the Trustee or the Court that some of the Undisclosed Personal Property remaining in the possession, custody, and/or control of the Debtor post-Petition Date was thereafter provided to the Consignment Companies and sold or still remains in the possession, custody and/or control of the

Consignment Companies.

87.    Plaintiff is informed and believes and based thereon alleges that from the Petition Date, up to and including the time of the Debtor's discharge on November 7, 2016, Debtor knowingly and fraudulently failed to report to the Trustee or the Court that some of the Undisclosed Personal Property remaining in the possession, custody, and/or control of the Debtor post-Petition Date was thereafter provided to the Consignment Companies and sold or still remains in the possession, custody and/or control of the Consignment Companies.

88.    At no point in time did Debtor offer to turn over or turn over to the Trustee or the Estate any personal property returned to Debtor post-Petition Date, nor did Debtor turn over or offer to turn over to the Trustee or the Estate any of the sale proceeds paid by the Consignment Companies for the personal property provided by the Debtor pre-Petition Date.

89.    At no point in time did Debtor offer to turn over or turn over to the Trustee or the Estate any Undisclosed Personal Property, nor did Debtor turn over or offer to turn over any sale proceeds received from the Consignment Companies for Undisclosed Personal Property.

90.    Plaintiff is informed and believes and based thereon alleges that in the one year period prior to her Petition Date Debtor purports to have given a pair of diamond earrings having a value of at least $50,000.00 (the "Earrings") as a gift to her minor son, PW.

91.    Plaintiff is informed and believes and based thereon alleges that Debtor kept physical possession and control over the Earrings even after she purports to have given the Earrings to her minor son, PW.

92.    Debtor did not disclose the Earrings on her petition and schedules, or any amendments thereto.

93.    Plaintiff is informed and believes and based thereon alleges that at some point in time post-Petition Date that Debtor sold the Earrings to a friend for at least $50,000.00, and proceeded to spend the proceeds.

94.    From the Petition Date, up to and including the time of the Debtor's discharge on November 7, 2016, Debtor knowingly and fraudulently failed to report to the Trustee or the Court the existence of the Earrings, or the subsequent post-Petition Date sale of the Earrings.

2028888

95.     The sale of the Earrings was not disclosed to the Trustee until the Rule 2004 examination in June 2018.

96.     At no point in time did Debtor offer to turn over or turn over the Earrings to the Trustee.

97.     At no point in time did Debtor offer to turn over or turn over to the Trustee the $50,000.00 or more that the Debtor received from the post-Petition Date sale of the Earrings.

98.     Accordingly, Debtor's discharge should be revoked pursuant to 11 U.S.C. §727(d)(2).

### THIRD CLAIM FOR RELIEF

**Avoidance of Post Petition Transfers – 11 U.S.C. § 549**

**[As against defendant, PW Pettus only]**

99.     Plaintiff incorporates by this reference paragraphs 1 through 65 inclusive, set forth above, as though set forth in full herein.

100.    Plaintiff is informed and believes and based thereon alleges that on or about September 20, 2011, Debtor sold an apartment she owned in Brazil, and purchased the Brazilian Apartment, taking title in her own name as reflected in the Official Real Estate Registry for the town of Fortaleza-Ceara, Brazil.

101.    The chain of title report Trustee obtained from the Real Estate Registry Office of the 4th Zone, Miranda Bezerra's Office, Municipality of Fortaleza-Ceara reflects that title to the Brazilian Apartment was recorded in the name of Debtor as of April 11, 2016.

102.    Plaintiff is informed and believes and based thereon alleges that the Brazilian Apartment has a value of approximately $250,000.00 U.S. Dollars. Plaintiff is further informed and believes and based thereon alleges that there are currently no liens or encumbrances against the Brazilian Apartment.

103.    On her petition and schedules, including any amendments thereto, Debtor identified the owner of the Brazilian Apartment as her minor son PW, to whom Debtor claims to have "gifted" the Brazilian Apartment at the time of purchase.

104.    Debtor was questioned about ownership of the Brazilian Apartment at her June 20, 2018 session of the Rule 2004 examination, and agreed to produce additional paperwork reflecting

2028888

the asserted PW ownership of the Brazilian Apartment. To date, Debtor has not produced a deed or other ownership document for the Brazilian Apartment reflecting title was held in the name of PW, pre-Petition Date.

105.    Plaintiff is informed and believes and based thereon alleges that on or about August 7, 2018, post-Petition Date, Debtor transferred title to the Brazilian Apartment to her minor son, PW, by personally appearing in Fortaleza-Ceara, Brazil before a notary where she recorded a gift deed to PW Pettus.

106.    During the course of session two of the Rule 2004 examination conducted on August 16, 2018, Debtor testified that she had completed the gift donation of the Brazilian Apartment to her son PW post-Petition Date while she was in Brazil.

107.    Pursuant to 11 U.S.C. § 549 Plaintiff is entitled to avoid the Brazilian Apartment Transfer as a post-Petition transfer of Estate property by Debtor to her minor son, PW Pettus.

**<u>FOURTH CLAIM FOR RELIEF</u>**

**Recovery of Avoided Post-Petition Transfer – 11 U.S.C. § 550**

**[As against defendant, PW Pettus only]**

108.    Plaintiff incorporates by this reference paragraphs 1 through 65 and 99 through 107 inclusive, set forth above, as though set forth in full herein.

109.    As of the Petition Date, title to the Brazilian Apartment was held in the name of Debtor.

110.    On or about August 7, 2018, post-Petition Date, a deed transferring title to the Brazilian Apartment from Debtor to Defendant PW Pettus was recorded in Brazil.

111.    The Brazilian Apartment Transfer is an unauthorized post-Petition transfer of Estate property under 11 U.S.C. § 549.

112.    Pursuant to 11 U.S.C. § 550 Plaintiff is entitled to recover the Brazilian Apartment or the value thereof from Defendant PW Pettus, with interest thereon at the maximum legal rate from the date of the Brazilian Apartment Transfer.

/ / /

/ / /

2028888

## FIFTH CLAIM FOR RELIEF

### For Turnover of Estate Property - 11 U.S.C. § 542

### [As against Debtor, Ana Pettus only]

113.    Plaintiff incorporates by this reference paragraphs 1 through 65 inclusive, set forth above, as though set forth in full herein.

114.    Plaintiff is informed and believes and based thereon alleges that as of the Petition Date, that Debtor owned all the personal property that was returned to Debtor by the Consignment Companies post-Petition Date.

115.    Plaintiff is informed and believes and based thereon alleges that as of the Petition Date, that Debtor owned all sales proceeds derived from the personal property that was provided to the Consignment Companies pre-Petition date but paid to Debtor by the Consignment Companies post-Petition Date.

116.    The Undisclosed Personal Property became property of the Estate on the Petition Date.

117.    All the Undisclosed Personal Property whether in the possession of the Consignment Companies or Debtor post-Petition Date, as well as all sales proceeds held by the Consignment Companies or paid to Debtor post-Petition Date, became property of the Estate on the Petition Date.

118.    Plaintiff is informed and believes and based thereon alleges that as of the Petition Date that the Estate owned all the Undisclosed Personal Property that was sold by the Consignment Companies post-Petition Date without any disclosure to the Trustee that the Undisclosed Personal Property existed or was consigned.

119.    Plaintiff is informed and believes and based thereon alleges that as of the Petition Date that the Estate owned all sales proceeds from the sale of Undisclosed Personal Property paid by the Consignment Companies to Debtor post-Petition Date without any disclosure to the Trustee that the Undisclosed Personal Property existed or was consigned.

120.    Plaintiff is informed and believes and based thereon alleges that Debtor did not disclose the Undisclosed Personal Property on her petition and schedules, or any amendments thereto.

17

2028888

121.    Plaintiff is informed and believes and based thereon alleges that Debtor did not disclose the sales proceeds from the Undisclosed Personal Property that were paid to her by the Consignment Companies post-Petition Date on her petition and schedules, or any amendments thereto.

122.    Plaintiff is informed and believes and based thereon alleges that Debtor did not disclose the portion of the Undisclosed Personal Property that were provided to the Consignment Companies pre-Petition Date and returned to her by the Consignment Companies post-Petition Date, on her petition and schedules, or any amendments thereto.

123.    Plaintiff is informed and believes and based thereon alleges that all the Undisclosed Personal Property and sales proceeds derived therefrom which were returned or paid to Debtor post-Petition Date are property of the Estate.

124.    Trustee has made demand on Debtor to turn over to Trustee and the Estate all Undisclosed Personal Property including all personal property that was provided pre-Petition Date to the Consignment Companies and either later returned to Debtor or sold, as well as all sales proceeds derived from the Undisclosed Personal Property.

125.    To date, despite repeated demands for turnover having been made, Debtor has failed and continues to fail to turnover to the Trustee all property of the Estate, including any sales proceeds derived therefrom, remaining in her possession, custody and control.

126.    Debtor should be ordered to turnover to the Trustee all of the books and records related to the Debtor and the Undisclosed Personal Property, all Undisclosed Personal Property, and all sales proceeds derived from the Undisclosed Personal Property.

127.    The Brazilian Apartment, nominally in the name of the Debtor's minor son based on a post-Petition Date transfer, should be turned over to the Trustee.

**WHEREFORE**, Plaintiff prays for relief as follows:

**AS TO THE FIRST CLAIM FOR RELIEF:**

That Debtor, Ana Virginia Pettus' discharge be revoked pursuant to 11 U.S.C. § 727(d)(1);

**AS TO THE SECOND, CLAIM FOR RELIEF:**

That Debtor, Ana Virginia Pettus' discharge be revoked pursuant to 11 U.S.C. § 727(d)(2);

18

2028888

**AS TO THE THIRD AND FOURTH CLAIMS FOR RELIEF:**

That the Brazilian Apartment Transfer be avoided pursuant to 11 U.S.C. § 549 as a post-Petition transfer of Estate property and recovered for the benefit of the Estate pursuant to 11 U.S.C. § 550;

**AS TO THE FIFTH CLAIM FOR RELIEF:**

That Debtor turn over to Trustee all of the books and records related to the Debtor and the Undisclosed Personal Property, all Undisclosed Personal Property, and all sales proceeds derived from the Undisclosed Personal Property; as well as turn over to the Trustee, the Brazilian Apartment, nominally in the name of the Debtor's minor son based on a post-Petition Date transfer.

**AS TO ALL CLAIMS FOR RELIEF:**

1.    For costs of Suit incurred herein;

2.    For interest at the maximum legal rate; and

3.    For such other and further relief as the Court deems just and proper under the circumstances.

DATED: December 28, 2018                    BRUTZKUS GUBNER

By: _____
Reagan E. Boyce
Special Litigation Counsel for Howard M. Ehrenberg,
Chapter 7 Trustee

2028888

FORM B104 (08/07)                                                                    2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>Howard M. Ehrenberg, solely in his capacity as Chapter 7<br>Trustee for the bankruptcy estate of debtor, Ana Virginia Pettus | DEFENDANTS<br>Ana Virginia Pettus; P.W. Pettus, a minor child |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Corey R. Weber<br>Regan E. Boyce<br>Brutzkus Gubner<br>21650 Oxnard Street, Suite 500<br>Woodland Hills, CA  91367<br>(818) 827-9000 | ATTORNEYS (If Known) |

| PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☒ Trustee | PARTY (Check One Box Only)<br>☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint for 1) REVOCATION OF DISCHARGE 11 U.S.C. § 727(d); 2) AVOIDANCE AND RECOVERY OF POST PETITION
TRANSFERS 11 U.S.C. §§ 549 and 550; AND 3) TURNOVER OF ESTATE PROPERTY 11 U.S.C. § 542

**NATURE OF SUIT** (Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second
alternative cause as 3, etc.)

| | |
|---|---|
| **FRBP 7001(1) – Recovery of Money/Property**<br>**3** 11-Recovery of money/property - §542 turnover of property<br>☐ 12-Recovery of money/property - §547 preference<br>☐ 13-Recovery of money/property - §548 fraudulent transfer<br>**2** 14-Recovery of money/property – other  11 U.S.C. § 549, 550<br><br>**FRBP 7001(2) – Validity, Priority or Extent of Lien**<br>☐ 21-Validity, priority or extent of lien or other interest in property<br><br>**FRBP 7001(3) – Approval of Sale of Property**<br>☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)<br><br>**FRBP 7001(4) – Objection/Revocation of Discharge**<br>**1** 41-Objection / revocation of discharge - §727(c),(d),(e)<br><br>**FRBP 7001(5) – Revocation of Confirmation**<br>☐ 51-Revocation of confirmation<br><br>**FRBP 7001(6) – Dischargeability**<br>☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims<br>☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud<br>☐ 67-Dischargeability – §523(a)(4), fraud as fiduciary, embezzlement, larceny<br><br><div align="center">**(continued next column)**</div> | **FRBP 7001(6) – Dischargeability (continued)**<br>☐ 61-Dischargeability - §523(a)(5), domestic support<br>☐ 68-Dischargeability - §523(a)(6), willful and malicious injury<br>☐ 63-Dischargeability - §523(a)(8), student loan<br>☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation(other than domestic support)<br>☐ 65-Dischargeability - other<br><br>**FRBP 7001(7) – Injunctive Relief**<br>☐ 71-Injunctive relief – imposition of stay<br>☐ 72-Injunctive relief – other<br><br>**FRBP 7001(8) Subordination of Claim or Interest**<br>☐ 81-Subordination of claim or interest<br><br>**FRBP 7001(9) Declaratory Judgment**<br>☐ 91-Declaratory judgment<br><br>**FRBP 7001(10) Determination of Removed Action**<br>☐ 01-Determination of removed claim or cause<br><br>**Other**<br>☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et. seq.*<br>☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 700,895.12+ |

Other Relief Sought

FORM B104 (08/07), page 2                                   2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| **NAME OF DEBTOR**<br><br>Ana Virginia Pettus | **BANKRUPTCY CASE NO.**<br><br>2:16-bk-15635-BR | |
| **DISTRICT IN WHICH CASE IS PENDING**<br>Central District of California | **DIVISIONAL OFFICE**<br><br>Los Angeles Division | **NAME OF JUDGE**<br><br>The Honorable Barry Russell |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)**<br><br>/s/ Reagan E. Boyce | | |
| DATE<br>**12/28/2018** | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)**<br>**Brutzkus Gubner**<br>**By: Reagan E. Boyce** | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| DAVID SEROR - Bar No. 67488<br>COREY R. WEBER - Bar No. 205912<br>REAGAN E. BOYCE - Bar No. 248064<br>BRUTZKUS GUBNER<br>21650 Oxnard Street, Suite 500<br>Woodland Hills, CA 91367<br>Telephone: (818) 827-9000<br>Facsimile: (818) 827-9099<br>Email: dseror@bg.law; cweber@bg.law; rboyce@bg.law<br>Special Litigation Counsel for Howard M. Ehrenberg, Chapter 7 Trustee<br>*Attorney for Plaintiff* | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| In re:<br>Ana Virginia Pettus<br><br><br><br><br>Debtor(s). | CASE NO.: 2:16-bk-15635-BR<br><br>CHAPTER: 7<br><br>ADVERSARY NO.: |
|---|---|
| HOWARD M. EHRENBERG, solely in his capacity as Chapter 7 Trustee for the bankruptcy estate of Ana Virginia Pettus,<br><br>Plaintiff(s)<br><br>Versus<br><br>ANA VIRGINIA PETTUS, an individual; and PW Pettus a minor child,<br><br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING**<br>**[LBR 7004-1]** |

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint.  You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page.  The deadline to file and serve a written response is _____.  If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| **Hearing Date:** _____<br>**Time:** _____<br>**Courtroom:** __1668____ | **Address:**<br>☒ 255 East Temple Street, Los Angeles, CA 90012<br>☐ 3420 Twelfth Street, Riverside, CA 92501<br>☐ 411 West Fourth Street, Santa Ana, CA 92701<br>☐ 1415 State Street, Santa Barbara, CA 93101<br>☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367 |
|---|---|

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.**  All parties must read and comply with the rule, even if you are representing yourself.  You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference.  A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH).  If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference.  **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

**KATHLEEN J. CAMPBELL
CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

By: _____
                    Deputy Clerk

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

A true and correct copy (1) of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** and (2) the accompanying pleading(s) entitled:

_____

_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____  _____  _____
Date                              Printed Name                                Signature

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.